## PRELEAU v. UNITED STATES.

(Court of Appeals of District of Columbia. Submitted January 3, 1921. Decided February 7, 1921.)

No. 3400.

1. **Grand jury ⊜⇒8—Jury ⊜⇒33 (1)—Negro not entitled to grand and petit juries composed of negroes.**

A negro has no right to have his case considered in the first instance by a grand jury, and later by a trial jury, composed wholly of jurors of his own race.

2. **Criminal law ⊜⇒1134 (4)—Denial of new trial is not reviewable.**

The overruling of a motion for a new trial after conviction of a crime is not reviewable on appeal.

Appeal from Supreme Court of the District of Columbia.

Garfield Preleau was convicted of robbery, and he appeals. Affirmed.

Thomas Beckett and A. P. P. Preleau, both of Washington, D. C., for appellant.

John E. Laskey, of Washington, D. C., for the United States.

HITZ, Acting Associate Justice. This is an appeal from a judgment of the Supreme Court of the District of Columbia, based upon a verdict of guilty on the first count of an indictment, and a sentence of imprisonment thereupon. The indictment contained two counts, the first charging robbery, and the second "joy riding," upon which a verdict of not guilty was rendered.

On October 18, 1919, the appellant was arraigned upon the indictment and pleaded not guilty. On January 13, 1920, he filed two motions to quash the indictment; the first setting up that he was denied equal protection and due process of law, in that the grand jury which found and presented the indictment "are not his peers," and that he had reason to believe and did believe that the charge made against him was the result of a conspiracy. The second motion to quash was based upon the contention that the jury by which he was to be tried were not his peers, he being a negro and the jury being white men, for which reason he could not get a fair and impartial trial. The motions were supported by affidavit of the appellant, and for the purpose of their consideration he was allowed to withdraw his former plea of not guilty.

Thereupon, after argument, the trial court overruled the motions, a plea of not guilty was again made, a jury was sworn, and after trial the verdict and judgment above referred to followed. Thereafter a motion in arrest of judgment and one for a new trial were filed, and, these being overruled, the case is here upon the record and a bill of exceptions, which embodies the evidence.

The assignments of error are four in number:

[1] 1. Error of the trial court in overruling the motions to quash. The contentions made by these motions involved the right of the ap-

pellant to have his case considered, in the first instance by a grand jury, and later by a trial jury, composed wholly of jurors of his own race and color. No authorities are cited in support of such propositions, and they may be dismissed, with the observation that the trial court was correct in its disposition of them.

[2] 2. Error of the trial court in overruling the motion for a new trial.

This action is not reviewable here. Hill v. United States, 22 App. D. C. 396.

3. Error in overruling the motion in arrest of judgment.

We find nothing in the record affording any foundation for such a motion, and it was properly disposed of by the trial court.

4. Error in refusing a directed verdict in favor of the appellant.

The evidence, as set forth in the bill of exceptions, makes such a case as was manifestly proper for submission to the jury. No good purpose would be served by a review of the testimony, for, if the jury believed the government witnesses, as they evidently did, having before them the signed confession of the appellant, it is difficult to see how a different verdict could have been reached.

The result is that the judgment appealed from must be affirmed; and it is so ordered.

Mr. Justice HITZ, of the Supreme Court of the District of Columbia, sat with the court in the hearing and determination of this appeal, in the place of Mr. Justice ROBB.